UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISIAH BRAGG,

    Plaintiff,

v.

DYLAN BAXTER, et al.,

    Defendants.

Case No.  26-cv-10189

Honorable Robert J. White

---

## OPINION AND ORDER DISMISSING COMPLAINT

---

Genessee County Jail inmate Isiah Bragg filed this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint names six defendants: (1) Genesee County Probation Officer Dylan Baxter, (2) Genesee County Prosecutor David Layton, (3) Genesee County Sheriff Chris Swanson, (4) Aramark Supervisor Unknown Neff, (5) Flint Police Officer Unknown Suttles, and (6) Flint Police Officer Unknown Doe. The complaint will be summarily dismissed for Bragg's failure to state a claim.

**I.**

Bragg has been permitted to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

The Prison Litigation Reform Act ("PLRA") authorizes the Court to dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

1

seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.

The complaint asserts that on October 13, 2025, Bragg was unlawfully arrested on his front porch by two Flint Police Officers. The officers were called to Bragg's home by his domestic partner. (ECF No. 1, PageID.1.) After speaking to Bragg's partner, the officers told Bragg that he was being arrested for "prep to burn." (*Id.* at 2.)

Bragg asserts that when he arrived at the Genesee County Jail, he was placed in suicide garb in an isolation cell. (*Id.*) He was kept in the garb for seven days and forced to lay on a concrete floor for the first five of those days. (*Id.*) He was given a mat to sleep on the last two days he was on suicide watch. (*Id.*)

Bragg alleges that he was denied the opportunity to attend a probable cause conference for a probation violation charge. (*Id.*) After a November 4, 2025 preliminary examination hearing, the new charges against him were dropped without prejudice, but he was held in jail on the probation violation charge. (*Id.*)

The complaint then turns to what appears to be a statement of Bragg's claims. Rather than challenge the legality of his arrest or criminal proceedings, Bragg appears to challenge the conditions of confinement at the Genesee County Jail:

> Plaintiff raises that during his confinement in jail, he and all inmates housed at such facility have been subjected to harsh conditions ranging from poor food quality "food served cold & min portions" black mold located in showers location 4CD where an ongoing lawsuit in such USDCT was filed by Plaintiff Cary Cosgrove Case No. 25-13091 and a unknown inmate family has filed a 42 USC due to inmate dying such

3

reason unknown for death at this time. Plaintiff states that 4CD spends majority of the day on "soft lockdowns" aprox 18 hrs a day in their cells & that while he was on a minor rule violation sanction for 71 hours for a supposed to be whole POD 1st Amendment peaceful protest/refusal to lock down due to all concerns in said complaint. During such said unjust 71 hour lockdown he was denied access to "phone call usage," "video visit with family," "unable to email family." He also raises that many times he has requested toilet paper from staff & due to them forgetting/refusing to provide toilet paper in a timely manner resulted using his only washcloth provided to wipe his behind. Plaintiff states as well jail has been for past couple months 10-13-25 thru – only had been provided approx. orange jumpsuits.

(*Id.* at 3-4.)

The complaint does not state the nature of the relief sought.

**III.**

The Court interprets Bragg's complaint to challenge the conditions of his confinement at the Genessee County Jail.[1] Bragg indicates that he is being held at the jail pending a probation violation hearing. Courts are split on whether an individual being held for a suspected probation violation is to be treated as a pretrial detainee or a convicted prisoner. *See Green v. Taylor*, 2023 U.S. Dist. LEXIS 13589, 2023 WL 415502, at *4 (W.D. Mich. Jan. 26, 2023) (collecting cases). This means that it is unclear whether Bragg's conditions of confinement claims should be judged according to an Eighth or Fourteenth Amendment standard.

---

[1] If it is Bragg's intent to also challenge the legality of his detention for the probation violation charges, he may not do so in this civil rights action. A habeas corpus petition provides the exclusive vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id*. at 837.

While the Eighth Amendment limitation applies to "punishments," a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal

quotation marks and citations omitted). Under the Fourteenth Amendment, "[a] pretrial detainee must prove more than negligence but less than subjective intent— something akin to reckless disregard." *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). However, while *Brawner* "modified the second prong of the deliberate indifference test applied to pretrial detainees," *Brawner*, 14 F.4th at 592, 596, it "left the [objective] prong untouched," *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022).

Focusing on the objective prong then, Bragg makes several allegations regarding conditions at the Genesee County Jail. Bragg claims: (1) he was held in an isolation cell on a concrete floor clothed in suicide garb for a week, (2) there is "poor food quality food served cold & min portions," (3) there is "black mold located in showers," (4) his unit "spends majority of the day on soft lockdowns aprox 18 hrs a day," (5) minor rules violations result in a "sanction for 71 hours" during which he is denied "access to phone call usage, video visit with family, and  unable to email family," (6) he was denied toilet paper and was forced to use a washcloth, and (7) he "only had been provided approx. __ orange jumpsuits." (ECF No. 1, PageID.2-4.)

With respect to Bragg's week-long isolation while on suicide watch, his allegations are insufficient to satisfy the objective prong because he does not allege

6

that he was deprived of basic human needs. *See, e.g., Alexander v. Vittitow*, 2017 U.S. App. LEXIS 22601, 2017 WL 7050641 (6th Cir. Nov. 9, 2017) (allegations that Plaintiff was temporarily locked in cell for 23 hours a day and deprived of telephone use, email use, yard time, and callouts was insufficient to satisfy objective prong). Temporary confinement in segregation—without any allegations that basic human needs were not met—is insufficient to state an Eighth Amendment claim. *See, e.g., Bishawi v. Northeast Ohio Corr. Ctr.*, 628 F. App'x 339, 345-46 (6th Cir. 2014) (citing *Farmer*, 511 U.S. 825, 835 (1994)); *see also Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir., Feb. 12, 2003) (holding that 7-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (finding that sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation); *Metcalf v. Veita*, No. 97-1691, 1998 U.S. App. LEXIS 18266, 1998 WL 476254 at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment).

Bragg next claims in conclusory terms that the food at the jail is cold and of poor quality. In general, however, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham v.*

*Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). "[C]old food apparently is an ordinary incident in prison life." *Thaddeus X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999) (collecting cases) (SURHEINRICH, J., in dissent); *see also Dean v. Campbell*, No. 97-5955, 1998 U.S. App. LEXIS 17782, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (per curiam; unpublished) (holding that allegation of cold meals for a short period of time "fail[ed] to allege facts showing that [prisoner] was subjected to the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim"). The Eighth Amendment is implicated only when food is insufficient to maintain normal health. *Cunningham*, 567 F.2d at 660. Bragg does not allege specific facts showing that the food he received was insufficient or unhealthy. His conclusory allegation of "poor food quality food served cold & min portions" is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

With respect to the allegations regarding black mold in the showers, it is certainly possible that exposure to black mold might be sufficiently serious to satisfy the objective requirement, but simply alleging the presence of black mold is not enough. *See, e.g., McIntyre v. Phillips*, No. 07-527, 2007 U.S. Dist. LEXIS 77859, 2007 WL 2986470, at *2-4 (W.D. Mich. Sept. 10, 2007). Courts look to several factors to determine if the presence of black mold constitutes a risk of serious harm. Cases indicate that exposure to black mold satisfies the objective standard if the

prisoner alleges physical injury as a result of the exposure. *See, e.g., Whiteside v. Smith*, No. 22-1071, 2023 U.S. Dist. LEXIS 117315, 2023 WL 4410510, at *8 (W.D. Tenn. July 7, 2023) ("Whiteside's allegation of harm from the shower conditions could plausibly satisfy the objective component of the Eighth Amendment . . . ."); *Henderson v. Parin*, No. 22-228, 2023 U.S. Dist. LEXIS 12408, 2023 WL 369954, at *3 (S.D. Ohio Jan. 24, 2023) (recommending complaint be dismissed "because plaintiffs have failed to allege that they suffered a physical injury that was caused by exposure to black mold."); *Brown v. Penick*, No. 22-P99, 2022 U.S. Dist. LEXIS 200452, 2022 WL 16702802, at *7 (W.D. Ky. Nov. 3, 2022) (finding that "because Plaintiff does not allege that the presence of mold in his cell caused him a health problem or created a substantial risk to his health . . . this claim must be dismissed for failure to state a claim upon which relief may be granted."); *Rogers v. MacLaren*, No. 20-263, 2020 U.S. Dist. LEXIS 112263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020) ("Plaintiff does not suggest that the mold is airborne, and he does not allege that the presence of mold caused him a health problem or created a substantial risk to his health. As a consequence, Plaintiff's allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health."). Bragg makes no allegation that the presence of mold has resulted in physical injury.

Likewise, Bragg's allegation that his unit spends a majority of time in 18-hour lockdowns does not state a claim. *See, e.g., Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Argue's confinement to his cell for twenty-three hours per day, Monday through Friday, does not rise to the level of a constitutional magnitude, because the confinement does not impose an atypical and significant hardship.").

Similarly, the alleged temporary loss of phone, visitation, and email privileges do not implicate Bragg's constitutional rights. *See, e.g., Ingram v. Jewel*, 94 F. App'x 271, 273 (6th Cir. 2004); *Massey v. Pemberton*, No. 13-14222, 2014 U.S. Dist. LEXIS 15208, 2014 WL 495429, at *2 (E.D. Mich. Feb. 6, 2014).

Finally, the untimely provision of toilet paper and additional jumpsuits do not state a claim. A denial of clean clothes may constitute an Eighth Amendment violation "only when the inmate claims to have 'suffered a physical injury or a disease as a result of these conditions." *Brown v. Timmerman-Cooper*, No. 10-283, 2013 U.S. Dist. LEXIS 14777, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013). Bragg makes no such allegation. Similarly, Bragg fails to indicate how delays in the provision of toilet paper resulted in a cognizable injury. *See, e.g., Worden v. Gearland*, No. 24-11191, 2024 U.S. Dist. LEXIS 188328, at *8-9; 2024 WL 4507357 (E.D. Mich. Oct. 16, 2024) (collecting cases).

Therefore, because Bragg's complaint fails to state a claim for relief under § 1983, the complaint will be summarily dismissed.

## IV.

**IT IS THEREFORE ORDERED THAT** the complaint is **DISMISSED WITHOUT PREJUDUICE** under 42 U.S.C. § 1915(e)(2).

Dated: April 22, 2026                           s/Robert J. White
                                                Robert J. White
                                                United States District Judge